UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Charles E. Beck            Case No. 10-64377
                                                                 Chapter 13
                 Debtor.                  Hon. Marci B. McIvor
_____/

## OPINION GRANTING TRUSTEE'S OBJECTIONS TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

       This matter is before the Court on Trustee David Ruskin's Objections to Confirmation of Debtor's Chapter 13 Plan. The Trustee objects to the manner in which the proposed plan seeks to treat fourteen parcels of real property. Specifically, the Trustee contends that the properties do not belong to Debtor's estate because they are titled to and owned by a limited liability company. For the reasons stated in this Opinion, the Trustee's objections are sustained.

## Facts

       Debtor Charles Beck filed a voluntary chapter 13 bankruptcy petition on July 30, 2010. Included on Debtor's schedule A are the following parcels of real property: (1) 1207 Chittock, Jackson, MI, (2) 313 Union, Jackson, MI, (3) 1100 Chittock, Jackson, MI, (4) 1009 First Street, Jackson, Mi, (5) 128 N. Dwight, Jackson, MI, (6) 615 Harris, Jackson, MI, (7) 408 West High, Jackson, Mi, (8) 203 N. Pleasant, Jackson, MI, (9) 914 Burr, Jackson, MI, (10) 403 W. High, Jackson, MI, (11) 819 Maltby, Jackson, MI, (12) 119 N. Pleasant, Jackson, MI, (13) 446 N. Pleasant, Jackson, MI, (14) 513 E. Ganson, Jackson, MI.

       While schedule A indicates that Debtor owns the properties jointly with his non-filing spouse, Debtor concedes that after purchasing the properties, but prior to the filing of the bankruptcy petition, he transferred title to the properties to CSC Family Homes, LCC., a limited liability company owned solely by Debtor. The properties were not refinanced and the

mortgages remain in Debtor's name.

In his proposed chapter 13 plan, Debtor seeks to "cram down" the claims of creditors on properties (1) through (5), retain properties (6) through (8) by paying the underlying claims as class 2 secured claims, and surrender properties (9) through (14). The Trustee objects to the treatment of these claims through Debtor's plan because the properties are not owned by Debtor. The Trustee asserts that if Debtor does not own the properties, any claims held by creditors as to those properties are not secured claims pursuant to 11 U.S.C. § 506, but are general unsecured claims.

## Analysis

"Property of the estate" as set forth in 11 U.S.C. § 541, is defined broadly and includes all legal and equitable interests the debtor may have on the date the petition was filed. It does not include property in which the debtor has no legal or equitable interest other than bare possession. Debtor concedes that he transferred title to all fourteen of the parcels of real property to CSC Family Homes, LLC, prior to filing his bankruptcy petition. Thus, Debtor does not have title to the properties and the properties are not part of Debtor's estate. Debtor did, however, sign the promissory notes and mortgages which allowed him to purchase the properties. Notwithstanding the transfer of the real property to CSC, Debtor remains liable to the mortgagees on the notes. Because the mortgagees have a right to be paid by Debtor, the mortgagees have claims against Debtor's bankruptcy estate.[1] The issue raised in the present objection is how those claims should be treated in Debtor's Chapter 13 plan. The Trustee argues

---

[1] 11 U.S.C. § 101(5)(A) defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured[.]

2

that the claims must be treated as unsecured claims. Debtor argues that the claims are secured even though he does not own the property which allegedly secures the claims.

11 U.S.C. § 506(a)( determination of secured status) states in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest. . . **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.** . . and is an unsecured claim to the extent that the value of such creditor's interest. . . is less than the amount to such allowed claim.

(Emphasis added). Under the express language of § 506, a creditor has a secured interest in collateral only to the extent that the estate has an interest in the collateral.

> We know from § 506(a) that an allowed claim is a secured claim to the extent that the creditor has a lien on property of the estate. . . If the collateral that secures a debt is not property of the estate, the lienholder cannot have a secured claim in the Chapter 13 case.
>
> Creditors often think they have secured claims when, in fact, the collateral that secures the debt is owned by someone or by an entity other than the debtor. For example, if the debtor borrowed money and a relative or corporation put up the collateral to secure the debt, the creditor has a lien but does not have a secured claim in the Chapter 13 case.

*Chapter 13 Bankruptcies*, § 106.1 (Keith Lundin, 4th Ed. 2010).

The case of *In re Tomlinson*, 116 B.R. 80 (Bankr. E.D. Mich. 1990) is directly on point. In that case, which arose in the context of the debtor's eligibility to file a chapter 13 case under § 109, the debtor obtained a mortgage on her residence and signed a promissory note. Pursuant to a divorce settlement, she quit claimed her ownership in the property to her husband. When she later filed a chapter 13 bankruptcy petition, the trustee objected, asserting that the debtor's unsecured debts exceeded the amount allowed under § 109, rendering debtor ineligible for relief under chapter 13. The Court found that the amount the debtor owed on the promissory note constituted an unsecured claim because the debtor validly conveyed all of her interest in the

3

property prior to the commencement of the case. "Because the Debtor quit-claimed her interest in the mortgaged home prior to filing for bankruptcy, the estate's interest in the residence is nil. Accordingly, the Bank's interest in the estate's interest in such real estate is also nil, and the Bank's claim in this estate is wholly unsecured." *Tomlinson*, 116 B.R. at 82. Because the bank's claim was held to be unsecured, the debtor's aggregate unsecured debt exceeded the debt limit under § 109, and debtor's chapter 13 case was dismissed. *See also In re Lane*, 215 B.R. 810 (Bankr. E.D. Va. 1997)(vehicles owned by debtor's wholly owned chapter S corporation were not property of debtor's chapter 13 estate).

In the present case, Debtor concedes that he does not own the fourteen properties in Jackson and that the properties are owned by a CSC Family Homes, LLC, a limited liability corporation wholly controlled by Debtor. In Michigan, limited liability corporations are distinct legal entities governed by statute. Mich. Comp. Laws § 450.4104 *et. seq.* Property owned by CSC Family Homes, LLC, a legal entity separate and apart from Debtor, is not property of Debtor's chapter 13 estate.

Because Debtor's bankruptcy estate has no interest in the Jackson properties, claims held by creditors relating to those properties are not secured claims under §506. Rather, the claims are general, unsecured claims. To the extent that Debtor's proposed Chapter 13 plan seeks to treat some of the claims relating to the Jackson properties as secured, the plan violates the Bankruptcy Code and the Trustee's objections to the plan are sustained.

Debtor argues that under the LLC's Operating Agreement, the filing of the bankruptcy resulted in the dissolution of the LLC, and that the properties held by the LLC are being transferred back to Debtor. While this may be true, the procedures for dissolving, winding up

4

and liquidating an LLC in Michigan are quite specific. *See* Mich. Comp. Laws.§ 450.4801 *et. seq.* The process takes time, and the assets of the LLC are first distributed to creditors in satisfaction of the LLC's liabilities before distribution of equity to members. Since the LLC owns the real property, dissolution would presumably require sale of the real properties to satisfy the mortgages against the properties. The relevant point is that dissolution of the LLC does not automatically re-vest the real properties in the Debtor.

Debtor essentially seeks to have the Court ignore the existence of the LLC as a separate entity and treat Debtor as the owner of the properties. Debtor provides no legal authority for this, nor can the Court find any basis for allowing Debtor to disregard the distinction between a corporation and an individual. To the extent that Debtor's argument can be construed as a request to "pierce the corporate veil", the Court notes that that doctrine is generally used to benefit third parties– not the corporation or shareholders of the corporation. "Moreover, [a] Debtor should not be permitted to utilize the corporate form on the one hand to protect [himself] from individual liability for the Corporation's debts, then on the other hand nullify the existence of the Corporation to avoid reckoning with the obligations incurred by the Corporation while it was a viable entity." *In re Lane*, 215 B.R. 810, 812 (Bankr. E.D. Va. 1997)(citing *In re RCS Engineered Products Co., Inc.*, 102 F.3d 223, 226 (6th Cir. 1996). While Debtor in the present case does not appear to be avoiding corporate creditors, the larger point is clear: the corporate form cannot be lightly disregarded.

The real properties in Jackson are not property of Debtor's chapter 13 bankruptcy estate,. Therefore, the creditors with claims relating to those properties do not have secured claims in Debtor's bankruptcy. Because Debtor's proposed plan treats as "secured" claims which are not

5

secured, the plan does not comply with the Bankruptcy Code.

For the foregoing reasons, the Trustee's Objections to Debtor's proposed Chapter 13 plan are sustained. The confirmation hearing scheduled for January 20, 2011 is adjourned until March 24, 2011, at 2:00 p.m.to give Debtor an opportunity to file an amended plan.

Signed on January 19, 2011

                                   /s/ Marci B. McIvor
                                   Marci B. McIvor
                                   United States Bankruptcy Judge